UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-04379 GHK (SS)                    Date: July 22, 2013
                                                          Page 1 of 4

Title:    Albert Hamilton v. People of the State of California

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO THE YOUNGER ABSTENTION DOCTRINE**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS)**

On May 12, 2013,[1] Albert Hamilton ("Petitioner"), a pre-trial detainee proceeding pro se,[2] constructively filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (Petition at 6). However, the Petition appears to be subject to dismissal

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule as the date Petitioner signed the Petition, May 12, 2013. (Petition at 6).

[2] Petitioner states that he is currently incarcerated at "MCJ-NCCF," i.e., the Los Angeles County Men's Central Jail-North County Correctional Facility. (Id. at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 13-04379 GHK (SS)                    Date:  July 22, 2013
                                                          Page 2 of 4

Title:     Albert Hamilton v. People of the State of California

pursuant to the doctrine of abstention as set forth in Younger v. Harris, 401 U.S. 37, 45-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), and its progeny.[3]

In the Petition, Petitioner states that he has not yet been convicted or sentenced. (Petition at 2). According to Petitioner, he is currently "in trial" after being charged with corporal injury on a spouse in violation of California Penal Code section 273.5.[4] (Id.). Although the precise chronology of the events described in the Petition and Petitioner's exact claims are unclear, liberally construed, the Petition appears to allege primarily that (1) the trial judge erroneously allowed Detective Ramirez to remain in the courtroom throughout Petitioner's preliminary hearing in violation of Petitioner's 5th, 6th and 14th Amendment rights, which enabled Detective Ramirez to file a false police report after the hearing based on the victim's testimony; and (2) the prosecutor failed to turn over Detective Ramirez's report to Petitioner in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). (Petition at 3-5).

---

[3] The Petition also appears defective because Plaintiff admits that he has not exhausted his claims in the California Supreme Court. Petitioner states that he presented his claims to the state supreme court, but that to date there has been no decision and the result of the proceeding is "open." (Petition at 5). Petitioner is reminded that a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). However, because it appears that the Petition must be dismissed pursuant to the Younger abstention doctrine whether or not the claims are exhausted, the exhaustion issue appears moot for now.

[4] It is unclear from the Petition whether Petitioner's trial had actually begun by the time he filed the Petition or whether he was or still is engaged in pre-trial proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-04379 GHK (SS)                    Date:  July 22, 2013
                                                            Page 3 of 4

Title:       Albert Hamilton v. People of the State of California

      As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger, 401 U.S. at 45-46; accord World Famous Drinking Emporium, Inc. v. Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987). Younger abstention is required in favor of a state proceeding when: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. See Middlesex County Ethics Comm. v. Garden State Bar. Ass'n., 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); see also Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007) (even if the three elements for Younger abstention "are satisfied, the court does not automatically abstain, but abstains only if there is a Younger-based reason to abstain -- i.e., if the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings.").

      Here, all the criteria for Younger abstention appear to be satisfied. First, Petitioner concedes that the state proceedings are ongoing. (See Petition at 2). Second, the proceedings implicate important state interests in the order and integrity of its criminal justice system. See, e.g., Kelly v. Robinson, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, the proceedings appear to provide adequate opportunities to litigate Petitioner's federal claims, including on appeal in the state courts should Petitioner be convicted. See Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994) (Younger abstention prevents federal intervention in state judicial proceedings where a losing criminal defendant has not yet exhausted his state appellate remedies). Fourth, a ruling by this Court in Petitioner's favor would have the practical effect of enjoining ongoing state court proceedings. Finally, Petitioner has not demonstrated that any extraordinary circumstances exist where the danger of irreparable harm is both great and immediate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-04379 GHK (SS)                        Date:  July 22, 2013
                                                                Page 4 of 4

Title:      Albert Hamilton v. People of the State of California

     Accordingly, based upon the Petition as currently submitted, Younger abstention appears to be required.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order**,** why this action should not be dismissed pursuant to the Younger abstention doctrine.  Petitioner is directed to inform the Court of any reason why the Younger abstention criteria are not satisfied.  Petitioner is further directed to inform the Court of any facts demonstrating that an extraordinary circumstance exists where the danger of irreparable harm is both great and immediate.

     **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

     **Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

     The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his address of record.

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk  mr